IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
ATELIERS DE LA HAUTE-GARONNE    :
and F2C2 SYSTEM S.A.S.,         :
                                :
             Plaintiffs,        :
                                :
        v.                      :   C.A. No. 09-598-JJF
                                :
BROETJE AUTOMATION-USA INC.     :
and BROETJE-AUTOMATION GMBH,    :
                                :
             Defendants.        :
```

Scott G. Lindvall, Esquire, and Sarah Welbourne Saunders,
Esquire, of KAYE SCHOLER LLP, New York, New York.
Melanie K. Sharp, Esquire, and Mary F. Dugan, Esquire, of YOUNG
CONAWAY STARGATT & TAYLOR, LLP, Wilmington, Delaware.

Attorneys for Plaintiffs.

Patrick J. Kelleher, Esquire, and Darren S. Cahr, Esquire, of
DRINKER BIDDLE & REATH LLP, Chicago, Illinois.
Kathleen M. Jennings, Esquire, and David M. Primack, Esquire, of
DRINKER BIDDLE & REATH LLP, Wilmington, Delaware.

Attorneys for Defendants.

**MEMORANDUM OPINION**

February $\underline{16}$ , 2010
Wilmington, Delaware

Farnan, District Judge.

Presently before the Court is a Motion To Dismiss Claims For
Relief Nos. 3, 4, 5, And 6 And Claim of Willful Patent
Infringement (And Prayers For Relief B, C, And D) ("Motion To
Dismiss") pursuant to Rules 12(b)(6) and 9(b) of the Federal
Rules of Civil Procedure filed by Defendants Broetje-Automation
USA Inc. and Broetje-Automation GmbH[1] (D.I. 22).  For the reasons
to be discussed, Defendants' Motion To Dismiss will be denied.

## I.   Background

On May 12, 2009, Plaintiffs Ateliers De La Haute-Garonne and
F2C2 System S.A.S. (collectively, "Plaintiffs") filed suit
against Defendants Broetje Automation-USA Inc. and Broetje-
Automation GmbH (collectively, "Defendants") in the Central
District of California.  Plaintiffs allege: (1) infringement of
U.S. Patent Nos. 5,011,339 (the "'339 patent") and 5,143,216 (the
"'216 patent")(collectively, the "patents-in-suit"); (2) unfair
competition under the Lanham Act; (3) common law unfair
competition; (4) trade dress infringement; (5) and intentional
interference with prospective business advantage.  (D.I. 1.)  A
First Amended Complaint was filed on June 12, 2009.  (D.I. 26.)
On July 17, 2009, Defendants filed the present Motion To Dismiss.
On August 7, 2009, before briefing was completed or a hearing
conducted on the Motion To Dismiss, the parties filed a joint

---

[1]Defendant Broetje-Automation GmbH joined the Motion To
Dismiss, originally filed only by Broetje Automation-USA Inc., on
August 27, 2009.  (D.I. 35.)

motion to transfer this action to the District of Delaware pursuant to 28 U.S.C. § 1404(a).[2] (D.I. 27.) On August 10, 2009, the Honorable Christina A. Snyder granted transfer to the District of Delaware (D.I. 28.) On September 3, 2009, Plaintiffs filed their Opposition To Defendants' Motion To Dismiss (D.I. 39), as well as a Second Amended Complaint (D.I. 40), which Defendants did not contest.[3]

Plaintiffs are both corporations organized under the laws of France having principal places of business in France. (D.I. 48 ¶¶ 9- 10.) Defendant Broetje-Automation GmbH is a corporation organized under the laws of Germany having its principal place of business in Germany. (Id. ¶ 11.) Defendant Broetje Automation-USA Inc. is a Delaware corporation having its principal place of business in Delaware. (Id. ¶ 12.) The patents-in-suit generally relate to rivet dispensing technology. (See id. ¶¶ 17-20.) The accused product is a rivet dispensing cassette manufactured and

---

[2] Pursuant to this joint motion, Plaintiffs agreed to dismiss Defendants Claas Fertigungstechnik GmbH and Claas KgaA mbH from the action, and in exchange, Defendants agreed not to contest that they are subject to personal jurisdiction in the District of Delaware, and that venue in the District of Delaware would have been proper at the time the action was filed. (D.I. 27, at 1.)

[3] Plaintiffs filed these documents as Notice Of Lodging Of Plaintiffs' Opposition To Broetje Automation-USA. Inc.'s Motion To Dismiss (D.I. 39) and Notice Of Lodging Of Plaintiff's Second Amended Complaint (Consented To By Defendants) (D.I. 40), with their Opposition Brief and Second Amended Complaint attached as Exhibits to the Notices, respectively. The Second Amended Complaint has been properly entered on the docket as D.I. 48.

sold by Defendants. (Id. ¶ 30.) The Second Amended Complaint alleges that Plaintiffs and Defendants were parties to an exclusive distribution agreement regarding rivet dispensing technology from 1994- 2004, (id. ¶ 21-27), and that after termination of this agreement, Defendants began manufacturing and selling "poor quality knock-off products made to look exactly like [Plaintiffs'] cassette" (id. ¶ 37).

## II. **Legal Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move for dismissal based on a plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in a complaint as true and view them in the light most favorable to the plaintiff. See Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Assuming the factual allegations are true, even if doubtful in fact, the "factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombley, 550 U.S. 544, 555 (2007). While the complaint need not make detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and

conclusions, and a formulaic recitation of the elements of a cause of action." Id. (internal quotations and citations omitted). Thus, stating a claim upon which relief can be granted "'requires a complaint with enough factual matter (taken as true) to suggest' the required element" of a cause of action. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(citing Twombley, 550 U.S. at 556.) In sum, if a complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), then the complaint is "plausible on its face," and will survive a motion to dismiss under Rule 12(b)(6). Twombley, 550 U.S. at 570.

## III. Discussion

Defendants' Motion To Dismiss seeks dismissal of the following: Third Claim For Relief (Unfair Competition under the Lanham Act); Fourth Claim for Relief (Common Law Unfair Competition); Fifth Claim For Relief (Trade Dress Infringement); Sixth Claim For Relief (Intentional Interference With Prospective Economic Advantage); and the Willful Infringement Claim. The Court will deny Defendants' Motion To Dismiss in its entirety.[4]

---

[4] The contentions will be examined in the context of the Second Amended Complaint, which was not contested by Defendants.

## A.   Plaintiffs' Willful Infringement Claim

Plaintiffs allege that during the course of negotiations for the exclusive distribution agreement, Plaintiffs "identified the '339 and '216 Patents as covering the patented products and also described to [Defendants] the key components of the patented technology." (D.I. 48 ¶ 23.) Plaintiffs further allege that Defendants had notice of the patents-in-suit pursuant to the agreement, and thus, have willfully infringed the '339 and '216 patents by subsequently making, using, offering to sell, and/or selling in the United States products that embody the inventions disclosed and claimed by the patents. (Id. ¶¶ 44, 50.) The Second Amended Complaint admits that Plaintiffs previously brought suit against Defendants in Germany for infringement of the European patents covering the rivet dispensing technology. (Id. ¶ 33.) On May 31, 2007, judgment was entered against Plaintiffs; the appeal is currently pending. (Id.) Defendants represent that the three-judge German panel found that Defendants' product did not infringe because it was missing two limitations of the European patent claims.[5] (D.I. 22, at 8.)

Defendants recognize the Twombley standard governing 12(b)(6) motions, and note that In re Seagate Technology LLC, 497 F.3d 1360 (Fed. Cir. 2007)(en banc) established a new standard

---

[5] Defendants attached the judgment as an exhibit (D.I. 22, Kelleher Decl., Exs. 6-7), but it is in German.

for willful infringement which requires (1) "an objectively high
likelihood that [] actions constituted infringement of a valid
patent," and (2) the "objectively-defined risk . . . was either
known or so obvious that it should have been known." (Id. at 6-7
(citing Seagate Tech., 497 F.3d at 1371).) Defendants contend
that the willful infringement claim should be dismissed because
Plaintiffs' Second Amended Complaint judicially admits a fact
(the German lawsuit and judgment) that "renders the accusation of
willfulness completely implausible and a completely unreasonable
inference." (Id. at 7.)

    Plaintiffs respond that their willful infringement claim is
well-pled under Twombley, and moreover, that Defendants' reliance
on the German Court's judgment is misplaced. (D.I. 39, at 6.)
Plaintiffs contend that a foreign court's determination of non-
infringement has no effect on patent infringement determinations
in the United States, and that, in any event, the claim
limitations of the '216 patent differ from those in the similar
European patent. (Id. at 7-10.) Plaintiffs further argue that
that willfulness is a question to be determined by the trier of
fact. (Id. at 6-7.)

    Assuming all factual allegations to be true, the Court
concludes that the Second Amended Complaint is plausible on its
face and contains sufficient factual allegations to raise
Plaintiffs' right to relief for willful infringement above the

speculative level. Accordingly, Defendants' Motion To Dismiss
will be denied with respect to Plaintiffs' willful infringement
claim.

     B.   <u>Plaintiffs' Claims for Unfair Competition Under The
         Lanham Action And For Common Law Unfair Competition</u>

     In both unfair competition claims, Plaintiffs allege (1)
that Defendants used false and misleading misrepresentations when
they manufactured and sold substitute rivet dispensing cassettes,
(2) that Defendants sold cassettes under the *Brotje* brand which
were actually manufactured by Plaintiffs, and (3) that Defendants
intentionally planned to deceive customers by passing off their
products as originating from Plaintiffs. (D.I. 48 ¶¶ 54-57.)
Plaintiffs also allege that Defendants' conduct was "extreme,
outrageous, fraudulent, and was inflicted on [Plaintiffs] in
disregard of [Plaintiffs'] rights." (<u>Id.</u> ¶ 12.)

     Defendants contend that Plaintiffs have failed to state a
claim for unfair competition under the Lanham Act because their
allegations are merely conclusory. (D.I. 22, at 17.) Further,
Defndants contend that by admitting in the Second Amended
Complaint that the accused product bears the *Brotje* brand,
Plaintiffs have failed to adequately plead a non-functional trade
dress that consumers associate with Plaintiffs, and have made any
contention of "passing off" or "reverse passing off" of
Plaintiffs' products implausible. (<u>Id.</u> at 17-18.) In addition,
Defendants contend that the same arguments warrant dismissal of

the California common law unfair competition claim because common law claims for unfair competition are substantially the same as unfair competition claims made under the Lanham Act. (Id. at 19 (citing Cleary v. News Corp., 30 F.3d 1255, 1262-63 (9th Cir. 1995)).) Finally, Defendants contend the common law unfair competition claim should be dismissed because Plaintiffs' allegation of "extreme, outrageous, [and] fraudulent," conduct was not be pled with particularity as required by Rule 9(b). (Id. at 20.)

Plaintiffs respond that they have adequately stated a claim for unfair competition under the Lanham Act because the Second Amended Complaint alleges that Defendants passed off their products as originating from Plaintiffs, and that Defendants improperly conflate the liability theories of "passing off" and "reverse passing off." (D.I. 39, at 12-13.) Plaintiffs further contend that the fact that the accused product carries the *Brotje* brand does not make it implausible for consumers to confuse Defendants' and Plaintiffs' products. (Id. at 15-16.) With regard to the common law unfair competition claim, Plaintiffs adopt the same arguments, and additionally contend that their allegation of Defendants' fraudulent conduct is sufficiently pled under Rule 9(b). (Id. at 17-18.)

In order to prevail on an unfair competition claim under the Lanham Act, the plaintiff must establish: "'(1) that defendant

8

made material false or misleading representations of fact
[concerning the origin] of its product; (2) in commerce; (3) that
are either likely to cause confusion or mistake as to (a) the
origin, association or approval of the product with or by
another, or (b) the characteristics of the goods or services; and
(4) injure the plaintiff.'" Thompson v. Haynes, 305 F.3d 1369,
1378 (Fed. Cir. 2002) (citing Cottrell, Ltd. v. Biotrol Int'l,
Inc., 191 F.3d 1248, 1252 (10th Cir.1999)). The Court concludes
that the Second Amended Complaint pleads sufficient factual
matter, taken as true, to suggest the required elements of an
unfair competition claim under the Lanham Act.

Rule 9(b) requires that "[i]n alleging fraud or mistake, a
party must state with particularity the circumstances
constituting fraud or mistake." Fed. R. Civ. P. 9(b). The
circumstances of the alleged fraud must be pled with sufficient
particularity "to place [] defendants on notice of the precise
misconduct with which they are charged, and to safeguard
defendants against spurious charges of immoral and fraudulent
behavior." Seville Indus. Machinery Corp. v. Southmost Machinery
Corp., 742 F.2d 786, 791 (3d Cir.1984). Upon review of the
Second Amended Complaint, the Court concludes that Plaintiffs
have pled the circumstances of Defendants' alleged fraudulent
conduct with particularity (see D.I. 40 ¶¶ 22-30, 70), and that
Defendants have been put on notice of the precise misconduct with

which they are charged. Accordingly, Defendants' Motion To Dismiss will be denied with respect to both the claim for unfair competition under the Lanham Act, and the common law unfair competition claim.

## C. Plaintiffs' Trade Dress Infringement Claim

Plaintiffs allege that Defendants have committed trade dress infringement because Plaintiffs' cassettes have a trade dress which is inherently distinctive and which has acquired secondary meaning. (D.I. 48 ¶ 78.) Defendants present two arguments for why Plaintiffs have allegedly failed to state a claim for trade dress infringement. First, Defendants contend that the Second Amended Complaint only makes conclusory allegations that the cassettes' trade dress is distinctive, has acquired secondary meaning, and is non-functional. (D.I. 22, at 13-14.) Second, Defendants contend that Plaintiffs' alleged judicial admissions that Defendants' accused product bears the *Brotje* brand name, and that the accused product is manufactured and sold by Defendants, result in a pleading which is fatally inconsistent with a trade dress infringement claim, and thus, implausible. (Id. at 15-16.)

Plaintiffs respond that the Second Amended Complaint expressly identifies distinctive, non-functional elements of Plaintiffs' rivet dispensing cassettes. (D.I. 39, at 18-19.) Because Plaintiffs contend that they have sufficiently identified the elements of their claimed trade dress, and that a

10

determination of whether the elements are purely "functional" is a question of fact, Plaintiffs assert that dismissal of the trade dress infringement claim is inappropriate. (Id. at 19-20.) Further, Plaintiffs contend that the *Brotje* branding on the accused product does not preclude a finding of likelihood of confusion as to the origin of the cassettes. (Id. at 20.)

"To establish trade dress infringement under the Lanham Act, a plaintiff must prove that (1) the allegedly infringing design is non-functional; (2) the design is inherently distinctive or has acquired secondary meaning; and (3) consumers are likely to confuse the source of the plaintiff's product with that of the defendant's product." McNeil Nutritionals, LLC v. Heartland Sweeteners, LLC, 511 F.3d 350, 357 (3d Cir. 2007). The Court concludes that the Second Amended Complaint contains enough factual matter, taken as true, to suggest the required elements of a trade dress infringement claim. Accordingly, Defendants' Motion To Dismiss will be denied with respect to Plaintiff's trade dress infringement claim.

D. Plaintiffs' Intentional Interference With Prospective Economic Advantage Claim

Plaintiffs allege that Defendants were aware of Plaintiffs' economic and business relationships with various customers, and that Defendants "appropriated [Plaintiffs'] economic advantage by manufacturing and selling substitute rivet dispensing cassettes

11

to customers in an effort to interfere with the business relationship existing between these customers and [Plaintiffs]." (D.I. 40 ¶¶ 89- 90.) In arguing that Plaintiffs have failed to state a claim for intentional interference with prospective economic advantage, Defendants point to one of the six required elements of such a claim under California law- that the defendant's conduct was "wrongful by some legal measure other than the fact of interference itself." (D.I. 22, at 21 (citing Korea Supply Co. v. Lockheed Martin Corp., 63 P.3d 937, 950 (Cal. 2003)).) Defendants contend that because Plaintiffs judicially admitted that Defendants sold their own manufactured and branded products, Plaintiffs have not plausibly claimed any actionable "interference." (Id. at 22.) The Court disagrees, however, and concludes that the Second Amended Complaint contains sufficient factual matter to suggest that an actionable interference has taken place.

The Second Amended Complaint further alleges that Defendants "committed fraud in manufacturing and selling substitute knock-off rivet dispensing cassettes to [] customers with the intent to deceive customers as to the origin of these products." (D.I. 48 ¶ 92.) Defendants contend that the alleged fraud has not been pled with particularity, as required by Rule 9(b). (D.I. 22, at 22.) Plaintiffs again respond that their allegations of Defendants' fraudulent misrepresentations meet the particularity

standard of Rule 9(b), and that the *Brotje* branding alone does not vitiate a claim of fraud.  (D.I. 39, at 21-22.)

Upon reviewing the Second Amended Complaint, the Court is satisfied that it contains sufficient particularity concerning Defendants' alleged "fraud in manufacturing and selling substitute knock-off rivet dispensing cassettes," and that Defendants have been put on notice of the precise misconduct with which they are charged.  Accordingly, Plaintiffs meet the Rule 9(b) pleading standard, and Defendants' Motion To Dismiss will be denied with respect to Plaintiff's claim of intentional interference with prospective economic advantage.

## IV. Conclusion

For the reasons discussed, Defendants' Motion To Dismiss Claims For Relief Nos. 3, 4, 5, And 6 And Claim of Willful Patent Infringement (And Prayers For Relief B, C, And D) will be denied.

An appropriate Order will be entered.