IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ATELIERS DE LA HAUTE-GARONNE (French Corporation) and F2C2 SYSTEMS S.A.S. (French Corporation),<br><br>Plaintiffs,<br><br>v.<br><br>BROETJE AUTOMATION-USA INC. (Delaware Corporation), BRÖTJE-AUTOMATION GMBH (German Corporation),<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.: 09-598-LPS |

**PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND CROSS-MOTION TO STRIKE DEFENDANTS' LATE ASSERTED DEFENSES, LATE DISCLOSED PRIOR ART REFERENCES AND PRIOR ART COMBINATIONS UNSUPPORTED BY EXPERT TESTIMONY**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Melanie K. Sharp (No. 2501)
Monté T. Squire (No. 4764)
Erika R. Caesar (No. 5143)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
P. O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681
msharp@ycst.com

KAYE SCHOLER LLP
Scott G. Lindvall
Sarah Welbourne Saunders
425 Park Avenue
New York, NY 10022-3598
(212) 836-8000
slindvall@kayescholer.com

*Attorneys for Plaintiffs Ateliers de la Haute-Garonne and F2C2 Systems S.A.S.*

Dated: September 1, 2011

# **TABLE OF CONTENTS**

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | iii |
| NATURE AND STAGE OF THE PROCEEDINGS | 1 |
| SUMMARY OF ARGUMENT | 1 |
| COUNTERSTATEMENT OF FACTS | 2 |
|     A. Issuance of the '339 Patent by the USPTO | 2 |
|     B. Broetje's Late Asserted Purported Invalidity Defenses and Late Disclosed Contention Interrogatory Responses | 4 |
| ARGUMENT | 9 |
|     A. Broetje's Motion To Dismiss Is Wholly Without Merit And Should Therefore Be Denied. | 9 |
|         1. Failure to follow the requirements of the Patent Act is not a legally cognizable defense to an infringement action, even if there were facts to support Broetje's incorrect claim that the '339 patent was abandoned. | 10 |
|         2. The record makes clear that AHG in fact complied with all of the requirements of the Patent Act and the '339 Patent was properly issued by the USPTO and has been properly maintained by AHG. | 12 |
|         3. Broetje's attempt to add failure to follow the requirements of the Patent Act as a new invalidity defense is untimely and should be stricken on that ground alone. | 14 |
|     B. The Court Should Grant AHG's Motion To Strike Broetje's Late Asserted Purported Invalidity Defenses, Late Disclosed Prior Art References And Prior Art Combinations Because They Are Untimely And Unsupported By Expert Testimony... | 15 |
| CONCLUSION | 17 |

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Aristocrat Technologies v. Int'l Game Technology,*
   543 F.3d 657 (Fed. Cir. 2008)......................................................................................2, 9, 10

*Brenner v. Ebbert,*
   398 F.2d 762 (D.C. Cir. 1968).................................................................................................12

*Bridgestone Sports Co. Ltd. v. Acushnet Co.,*
   No. 05-132-JJF, 2007 U.S. Dist. LEXIS 11370 (D. Del. Feb. 15, 2007) ..........................14, 15

*Burandt v. Dudas,*
   528 F.3d 1332 (Fed. Cir. 2008)...............................................................................................12

*Chinsammy v. U.S.,*
   417 Fed. Appx. 950 (Fed. Cir. 2011).......................................................................................11

*Douglas v. Manbeck,*
   No. 91-3122, 1991 WL 237823 (E.D. Pa Nov. 8, 1991) .........................................................12

*Merck & Co., Inc. v. Apotex, Inc.,*
   No. 06-5789, 2007 WL 408616 (D.N.J. Nov. 15, 2007) ........................................................11

*Standard Oil Co. v. Montecatini Edison S.p.A.,*
   342 F. Supp. 125 (D. Del. 1972)..............................................................................................10

*Proveris Scientific Corp. v. Innovasystems, Inc.,*
   536 F.3d 1256, 1267 (Fed. Cir. 2008).....................................................................................16

**STATUTES**

35 U.S.C. § 41(b) ............................................................................................................................13

**RULES**

Fed. R. Civ. P. 12(b)(1)....................................................................................................................1

Plaintiffs Ateliers de la Haute-Garonne and F2C2 Systems S.A.S. (collectively "AHG") respectfully submit this answering brief: (a) in opposition to defendants Broetje Automation-USA, Inc.'s and Brötje Automation GmbH's (collectively "Broetje") motion to dismiss AHG's claim for infringement of U.S. Patent No. 5,011,339 (the "'339 Patent") for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) (D.I. 141) and (b) in support of AHG's cross-motion to strike Broetje's late-asserted purported invalidity defenses, late-disclosed prior art references and prior art combinations unsupported by expert testimony.

## NATURE AND STAGE OF THE PROCEEDINGS

On May 12 2009, AHG filed this lawsuit against Broetje in the Central District of California alleging, among other things, that Broetje has infringed and continues to infringe U.S. Patent Nos. 5,011,339 ("the '339 Patent") and 5,1423,216 ("the '216 Patent"). (D.I. 1) This action was transferred to this Court on August 13, 2009.

On September 3, 2009, AHG filed its Second Amended Complaint in this action against Broetje re-alleging, among other things, that Broetje has infringed and continues to infringe the '339 and '216 Patents. (D.I. 40, 48) Broetje filed its Answer and Defenses to the Second Amended Complaint on February 1, 2010. (D.I. 47)

Fact discovery closed on July 8, 2011 and expert discovery has been completed. A pretrial conference is scheduled to be held on September 19, 2011, and a jury trial will begin on September 26, 2011.

## SUMMARY OF ARGUMENT

1. Broetje's Motion to Dismiss is wholly without merit and should therefore be dismissed for each of the following reasons:

(a) Failure to follow the requirements of the Patent Act is not a legally cognizable defense to an infringement action, even if there were facts to support Broetje's

1

incorrect claim that the '339 patent was abandoned. In *Aristocrat Technologies v. Int'l Game Technology*, 543 F.3d 657, 663 (Fed. Cir. 2008), the Federal Circuit flatly rejected arguments analogous to those that Broetje is attempting to make here.

(b) The record makes clear that AHG in fact complied with all of the requirements of the Patent Act and the '339 Patent was properly issued by the USPTO and has been properly maintained by AHG. The file history, publicly-available USPTO records and Broetje's own production demonstrate that the '339 Patent was properly issued, and that neither the '339 Patent nor the patent application that resulted in the '339 Patent was ever withdrawn or abandoned.

(c) Broetje's attempt to add failure to follow the requirements of the Patent Act as a new invalidity defense after the close of fact discovery is untimely and should be stricken on that ground alone.

2. AHG's cross-motion to strike Broetje's late asserted purported invalidity defenses, late disclosed prior art references and prior art combinations should be granted because each of Broetje's purported invalidity defenses, prior art references and prior art combinations is untimely and unsupported by expert testimony.

## COUNTERSTATEMENT OF FACTS

A. **Issuance of the '339 Patent by the USPTO**

On December 7, 1989, AHG filed U.S. Patent Application No. 07/447,501 ("the '501 Application"), which issued as the '339 Patent on April 30, 1991. ('339 Patent, Ex. A) At no time during the prosecution of the '501 Application was it ever abandoned by AHG or withdrawn.

On October 23, 1990, the United States Patent & Trademark Office (the "USPTO") issued a Notice of Allowability to AHG's prosecution counsel, Harry H. Dutton, Jr., notifying

him that the claims of the '501 Application had been allowed, that the '339 Patent would be granted, and of the timing for payment of the issue fee. (Notice of Allowability, Ex. B) Accordingly, on January 23, 1991, AHG's counsel remitted payment of the issue fee for the '339 Patent. Regrettably, the check for the original payment of the issue fee did not clear. Immediately after being notified, however, AHG's counsel paid the issue fee for the '339 Patent and rectified the matter. On April 30, 1991, the USPTO issued the '339 Patent.

In a letter dated May 15, 1991 from the counsel that handled the prosecution of the '339 Patent confirming payment of the issue fee, counsel explained that:

> [T]he check for payment of the issue fee in this case came in later, and it was initially returned by the bank because of the lack of funds from the other deposit. ***Of course the matter was immediately rectified, and indeed the patent (5,011,339) issued* . . . .**

(May 15, 1991 Letter, Ex. C) (emphasis added).

The USPTO Maintenance Report for the '339 Patent, produced by Broetje, indicates that since the April 30, 1991 issue date of the '339 Patent, AHG has regularly paid the maintenance fees for the '339 Patent in accordance with the fee schedule set by the USPTO for issued patents. (*See* USPTO Maintenance Report for the '339 Patent, Broetje Bates No. BA000225, Ex. D). Specifically, the "Status" section of the USPTO Maintenance Report for '339 Patent states that "4th, 8th and 12th year fees [were] paid." *Id.* The MicroPatent Patent Index, which is another document produced by Broetje, provides that the "Issue/Publication Date" for the '339 Patent is "19910430" and that the "Assignee" for the '339 Patent is AHG. (MicroPatent Patent Index, Broetje Bates No. BA000222-23, Ex. E)

According to the USPTO's records, the '339 Patent was properly issued on April 30, 1991 and is presently still in force. (*See, e.g.*, USPTO Maintenance Report, Broetje Bates No. BA000225, Ex. D) In fact, a copy of the '339 Patent is publicly-available and can be

3

downloaded from the USPTO's website. (USPTO Website Downloadable Copy of '339 Patent, Ex. F) The '339 Patent indicates "April 30, 1991" as the "Date of Issue" and lists plaintiff "Ateliers de la Haute-Garonne" as the "Assignee." ('339 Patent, Ex. A)

B. **Broetje's Late Asserted Purported Invalidity Defenses and Late Disclosed Contention Interrogatory Responses**

On April 21, 2010, AHG served its First Set of Interrogatories (Nos. 1-18) on Broetje, including a contention interrogatory requesting that Broetje identify all bases for any invalidity defenses Broetje intended to assert at trial. (D.I. 55) Specifically, AHG's Interrogatory No. 8 reads:

> Describe in detail the factual and legal bases for Broetje's contention that "[o]ne or more of the claims of the patents-in-suit is or may be invalid for failure to satisfy the requirements of §101, §102, §103, and/or §112 of the Patent Act," as set forth in paragraph 100 of Broetje's Answer and Defenses to the Second Amended Complaint. The detailed description of such factual and legal bases should include, without limitation, an identification of which aspect(s) of 35 U.S.C. §112 Broetje contends the patents-in-suit do not meet and an identification and description of every document, tangible item and item of information that Broetje has relied upon or intends to rely upon as support for its contention. To the extent that Broetje asserts the prior art references support its invalidity defense under 35 U.S.C. §103, it must further identify any prior art combinations and the motivation to combine those references.

Broetje served its First Answers and Objections to Plaintiffs' First Set of Interrogatories (Nos. 1-18) on May 27, 2010. (D.I. 61) In its interrogatory responses, Broetje asserted obviousness as the only basis for its invalidity defense, contending only that claim 1 of the '339 Patent and claim 1 of the '216 Patent were invalid as obvious in view of prior art references: (1) Great Britain Patent Application No. GB 2067149 A to Shinjo/Komachi ("the Shinjo Application"), (2) U.S. Patent No. 2,540,572 ("the Engeln Patent"), (3) U.S. Patent No. 3,629,810 and DE 1,966,780

("the Minbiole/Clark Patents") and (4) U.S. Patent No. 4,359,157 ("the Horstmann Patent").[1] (*See* May 27, 2010 Broetje Parties' First Answers and Objections to Plaintiffs' First Set of Interrogatories (Nos. 1-18), at Interrogatory No. 8, Ex. G) Broetje did not assert that the patents-in-suit were invalid as anticipated by any of these references. The Court ordered deadline for the parties to respond to contention interrogatories was July 2, 2010. (Scheduling Order, D.I. 44 at ¶ 5(a))

On April 1, 2011, Broetje served the report of its technical expert, Michael Lawrence, which asserted that the patents-in-suit were invalid as anticipated and obvious in view of specific prior art.[2] (Lawrence April 1, 2011 Report, Ex. H) Specifically, Mr. Lawrence asserted that: (1) U.S. Patent No. 3,397,015 ("the Brosene Patent") (which is not one of the references Broetje identified in its May 27, 2010 contention interrogatory responses) anticipated all asserted claims of the '339 and '216 Patents; (2) the Engeln Patent anticipated all asserted claims of the '339 and '216 Patents; (3) the Offutt Patent anticipated all asserted claims of the '339 and '216 Patents; (4) the Shinjo Application anticipated all asserted claims of the '216 Patent; (5) U.S. Patent No. 3,664,354 and U.S. Patent No. 3,751,297 ("the Minbiole Patents") (which are not the same Minbiole/Clark Patents originally asserted by Broetje in its May 27, 2010 contention interrogatory responses) anticipated all asserted claims of the '339 Patent; (6) the Minbiole

---

[1] In its May 27, 2010 contention interrogatory response and without sufficient detail, Broetje allowed that it "may also rely upon other prior art references, such as Beckmann DE 337,935 and Offutt U.S. Patent No. 2,390,318" ("the Offutt Patent"). In addition, and again without any support or sufficient detail, Broetje mentioned that "[c]ombining the device of ENGELN with the grooves of either MINBIOLE/CLARK or HORSTMANN would yield predictable results." (Ex. G at 23)

[2] AHG has filed a *Daubert* motion and supporting opening brief to preclude Broetje from offering opinion testimony of Michael Lawrence on several grounds, including that: (a) his opinions are unreliable because he does not know or understand and did not consider or apply the correct legal standards to his validity analysis; (b) Mr. Lawrence is not one of ordinary skill in the art; and that (c) his testimony is based primarily on lawyer-fed information, rather than independent analysis. *See* D.I. 182.

Patents and Offutt Patent in combination rendered the '339 and '216 Patents invalid as obvious; and (7) the Shinjo Application combined with rivets and with knowledge of one of ordinary skill in the art would have rendered the '339 Patent invalid as obvious.

In his April 1st report, Mr. Lawrence: (1) identified three prior art references (i.e., the Brosene Patent and the Minbiole Patents) that Broetje had not previously identified in its May 27, 2010 contention interrogatory responses, (2) apparently abandoned four prior art references (i.e., the Minbiole/Clark Patents, Horstmann Patent and Beckmann Patent) and two prior art combinations (i.e., (i) the Engeln Patent in combination with the Minbiole/Clark Patents and (ii) the Engeln Patent in combination with the Horstmann Patent) (collectively, "the Engeln Combinations") that Broetje had previously identified in its May 27, 2010 interrogatory responses, and (3) asserted anticipation as a bases for Broetje's invalidity defense.

On May 2, 2011, Broetje served the rebuttal report of Mr. Lawrence (Lawrence May 2, 2011 Rebuttal Report, Ex. I), which re-asserted obviousness and anticipation as the bases for its invalidity defense, this time contending that: (1) the Brosene Patent anticipated claim 3 of the '339 Patent; (2) claim 6 of the '216 Patent was obvious in view of the Brosene Patent in combination with ferrules and pins; (3) the Engeln Patent anticipated claim 3 of the '339 Patent; (4) claim 6 of the '216 Patent was obvious in view of the Engeln Patent in combination with ferrules and pins; (5) claim 6 of the '216 Patent was obvious in view of the Brosene Patent in combination with U.S. Patent No. 4,330,142 ("the Paini Patent") and U.S. Patent No. 4,262,408 ("the Johnson Patent"); (6) the Offutt Patent anticipated claim 3 of the '339 Patent; (7) claim 6 of the '216 Patent was obvious in view of the Offutt Patent in combination with ferrules and pins; (8) claim 6 of the '216 Patent was obvious in view of the Offutt Patent in combination with the Paini Patent and the Johnson Patent; (9) claim 3 of the '339 Patent was obvious in view of the

Shinjo Application in combination with rivets; (10) the Shinjo Application anticipated claims 1 and 2 of the '216 Patent; (11) claim 3 of the '339 Patent was obvious in view of the Minbiole Patents; (12) claim 6 of the '216 Patent was obvious in view of the combination of the Minbiole Patents and the Offutt Patent; and that (13) claim 6 of the '216 Patent was obvious in view of the Minbiole Patents in combination with the Paini Patent and the Johnson Patent.

In his May 2nd report, Mr. Lawrence identified two new prior art references (i.e., the Paini Patent and the Johnson Patent) that were not previously identified in either Broetje's May 27, 2010 contention interrogatory responses or his April 1, 2011 report. In his May 2nd report, anticipation and obviousness were the only two bases asserted for Broetje's invalidity defense. Neither Mr. Lawrence's April 1st report nor his May 2nd report included any discussion or analysis of the Engeln Combinations. Mr. Lawrence was deposed by AHG on June 28, 2011.[3] Discovery closed on July 8, 2011, and only limited depositions, belatedly noticed by Broetje or necessitated by late production by Broetje, and expert damages disclosures and depositions (also necessitated by Broetje's belated production of damages documents) were permitted after that date. (*See* July 14, 2011 Discovery Conf. Tr. 19:24-20:4, Ex. J). Broetje, however, did not supplement any of its contention interrogatory responses or serve any additional reports of its technical expert prior to the July 8th discovery deadline.

On August 8, 2011 – five weeks after the deposition of its technical expert, four weeks after the close of discovery, more than a year after the deadline to respond to contention interrogatories, and only six weeks before the start of trial – Broetje supplemented its May 27, 2010 contention interrogatory responses purporting to add, among other things, *three* additional

---

[3] During his deposition, Mr. Lawrence admitted that he had a complete lack of understanding of the concept of anticipation in patent law and that he had no understanding of the burden of proof to apply in considering whether a patent is invalid. (Lawrence Depo Tr. at 89:25-90:1; 90:18-25; 91:9-13, Ex. K) (*See* D.I. 182)

7

bases for its invalidity defense: (1) indefiniteness, (2) best mode, and (3) failure to follow the requirements of the Patent Act. (*See* August 8, 2011 Broetje Parties' First Supplemental Answers and Objections to Plaintiffs' Interrogatories Nos. 1, 2, 6, 7, 8, 9, 10, and 12, at Interrogatory No. 8, Ex. L). Broetje had not previously asserted any of these purported invalidity defenses in its contention interrogatory responses and none of them are the subject of any expert report. (*see* Chart of Broetje's August 8, 2011 Late Asserted Purported Invalidity Defenses, Ex. M)

Also in its August 8, 2011 supplemental contention interrogatory responses, Broetje identified for the first time *five* new alleged prior art references: (1) U.S. Patent No. 3,647,129 ("the Ehrlich Patent"); (2) U.S. Patent No. 3,275,047 ("the Kulman Patent"); (3) U.S. Patent No. 4,662,206 ("the Mauer Patent"); (4) U.S. Patent No. 3,802,617 ("the Berecz Patent"); and (5) U.S. Patent No. 2,493,868 ("the Griffin Patent"). (*See* Supplemental Answer to Interrogatory No. 8, Ex. L at 21) (*see also* Chart of Broetje's August 8, 2011 Prior Art References, Ex. N) Prior to August 8th, Broetje had never previously disclosed any of these new prior art references as part of its invalidity defenses in this case and none of them were ever mentioned or discussed in any expert report. Additionally, Broetje's August 8, 2011 supplemental interrogatory response suggested that Broetje may intend to rely on the two Engeln Combinations as invalidating prior art, although neither of those combinations were ever discussed in or the subject of any expert report.[4]

---

[4] Broetje identified still more previously undisclosed prior art in its August 26, 2011 Notice Pursuant to 35 U.S.C. § 282 (listing 75 alleged prior art references). Because Broetje's allegations that AHG's patents are invalid have been an ever-moving target, AHG requests that the Court require Broetje to identify before the pretrial conference scheduled for September 14, 2011, those prior art references on which it intends to rely at trial, to the extent the references are not excluded.

In a meet and confer teleconference on August 10, 2011, counsel for AHG advised Broetje's counsel that AHG objected to Broetje's untimely attempt to expand the invalidity defenses being asserted in this case. Despite, clear notice that AHG objected to Broetje's untimely attempt to supplement, Broetje elected to hastily file a Motion to Dismiss (D.I. 141) based on the untimely and impermissible attempt to add "failure to follow the requirements of the Patent Act" as a new defense. Again, on August 17, 2011, counsel for AHG sent a letter restating AHG's objection to Broetje's late asserted invalidity defenses and late disclosed prior art references, and requesting that Broetje withdraw its groundless motion to dismiss. (*See* Letter from M. Sharp to T. Schiltz dated 8/17/11, Ex. O) Broetje refused, forcing AHG to incur the time and expense of briefing Broetje's motion to dismiss and forcing AHG to file a cross motion to strike Broetje's *three* late asserted purported invalidity defenses, *five* late disclosed prior art references and *two* prior art combinations unsupported by expert testimony.

## ARGUMENT

A.  **Broetje's Motion To Dismiss Is Wholly Without Merit And Should Therefore Be Denied.**

Broetje's motion to dismiss is based on nothing more than an untimely and impermissible attempt to add failure to follow the requirements of the Patent Act as a new invalidity defense in this case. Not only is this newly-concocted attempt at an invalidity defense untimely (and should be stricken and Broetje's motion to dismiss denied on that ground alone), it is not a cognizable defense to an infringement action, even if there were facts to support Broetje's incorrect claim that the '339 Patent was somehow abandoned.

1. <u>Failure to follow the requirements of the Patent Act is not a legally cognizable defense to an infringement action, even if there were facts to support Broetje's incorrect claim that the '339 patent was abandoned.</u>

Even if Broetje were correct on the facts (which it is not), Broetje's motion to dismiss finds no support in the law. The Federal Circuit has flatly rejected arguments analogous to those that Broetje is attempting to make here. In *Aristocrat Technologies v. Int'l Game Technology*, 543 F.3d 657, 663 (Fed. Cir. 2008), the Federal Circuit held that improper revival of an abandoned patent application could not be raised as a defense in an action involving the validity or infringement of a patent. In *Aristocrat*, plaintiff-patentee filed suit against defendant-accused infringer for patent infringement. *Id.* at 660. Defendant answered and moved for summary judgment of invalidity. *Id.* Defendant argued that plaintiff's patent was invalid because among other things: (a) the patent was "abandoned" when plaintiff failed to pay the national filing fee for the patent on time and (b) the USPTO "improperly revived" the abandoned patent application. *Id.* The Federal Circuit, however, rejected defendants' newly-crafted invalidity argument.

> The Federal Circuit reasoned that:
>
> Because the proper revival of an abandoned application is neither a fact or act made a defense by title 35 nor a ground specified in part II of title 35 as a condition for patentability, we hold that improper revival may not be asserted as a defense in an action involving the validity of infringement of a patent.

*Aristocrat*, 543 F.3d at 663. The Federal Circuit aptly noted that "[p]rocedural lapses during examination should they occur, do not provide grounds for invalidity. Absent proof of inequitable conduct, the examiner's or the applicant's absolute compliance with the internal rules of patent examination becomes irrelevant after the patent has issued." *Id.* (citations omitted).

Here, like the defendant in *Aristocrat*, Broetje is attempting to assert its newly-concocted (and untimely) failure to follow the requirements of the Patent Act argument as a new invalidity

10

defense to AHG's claim for infringement of the '339 Patent. As in *Aristocrat*, Broetje's purported failure to follow the requirements of the Patent Act is not a cognizable defense against AHG's claim for infringement of the '339 Patent in this case, and should accordingly be rejected and Broetje's motion to dismiss denied.

Furthermore, Broetje's follow-on assertion that the "Court lacks subject matter jurisdiction and must dismiss Plaintiffs' First Claim for Relief [Infringement]" is likewise wrong as a matter of law. Here, because AHG's "First Claim for Relief" is a claim for infringement of the '339 Patent, this Court has subject matter jurisdiction over this dispute. *See, e.g., Standard Oil Co. v. Montecatini Edison S.p.A.*, 342 F. Supp. 125, 130 (D. Del. 1972) (noting that "[o]riginal jurisdiction over the subject matter of any civil action *arising under the patent laws* is vested exclusively in the United States District Courts by 28 U.S.C. § 1338(a)") (emphasis added). Issues of patent infringement and invalidity are issues "arising under the patent laws." *Id.* Renaming AHG's infringement claim does not somehow strip the Court of jurisdiction or change the underlying subject matter of this case.[5]

Moreover, the cases that Broetje relies upon for its proposition that the Court lacks subject matter jurisdiction are inapposite and do not stand for the propositions for which they are cited. For example, Broetje cites the Federal Circuit's decision in *Chinsammy v. U.S.*, 417 Fed. Appx. 950 (Fed. Cir. 2011) for the proposition that the Court "does not have jurisdiction over claims alleging infringement of abandoned patents." (D.I. 141 at 2) The *Chinsammy* case, however, is clearly distinguishable and has nothing to do with the facts or issues presented here. Unlike the facts here, *Chinsammy* involved a patent applicant whose patent application was

---

[5] Broetje also now apparently contends that the "so-called '339 Patent is not an enforceable patent." (D.I. 141 at 6) This new purported unenforceability defense likewise fails and should be dismissed by the Court for all the same reasons as Broetje's attempt to add any of its other untimely purported invalidity defenses stated herein.

11

abandoned "as a result of [the applicant's] failure to respond to the PTO's initial office action rejecting all of the claims." *Chinsammy*, 417 Fed. Appx. at 951.

Likewise, Broetje misstates the holding in *Merck & Co., Inc. v. Apotex, Inc.*, No. 06-5789, 2007 WL 408616 (D.N.J. Nov. 15, 2007). In contrast to this case, *Merck & Co.* is an ANDA case where defendant-ANDA filers brought a declaratory judgment action against plaintiff-patentee for declaration of invalidity and non-infringement of plaintiffs' patents at issue. *Merck & Co.*, 2007 WL 408616 at *3. *Merck & Co.* has nothing to do with abandonment of a patent application, alleged non-payment of an issue fee, failure to follow the requirements of the Patent Act or, for that matter, any of the other unsupported allegations upon which Broetje bases its motion to dismiss.[6]

    2.    <u>The record makes clear that AHG in fact complied with all of the requirements of the Patent Act and the '339 Patent was properly issued by the USPTO and has been properly maintained by AHG.</u>

Even if Broetje's purported failure to follow the requirements of the Patent Act was a cognizable defense in an infringement action (which it is not) and had been timely asserted (which it was not), Broetje's motion to dismiss still fails because it is factually erroneous and contradicted by the record in the case. Broetje's blanket assertions that: (a) the inventors and AHG failed to pay the required issue fee for the '339 Patent and (b) the '501 Application was abandoned in 1991 are simply wrong. The file history, publicly-available USPTO records and Broetje's own production demonstrate that the '339 Patent was properly issued, and that neither

---

[6] The cases that Broetje relies upon for the allegation that AHG abandoned the '339 Patent application for non-payment of the issue fee are likewise inapposite and distinguishable from the facts of this case. *Compare Burandt v. Dudas*, 528 F.3d 1332, 1335 (Fed. Cir. 2008) (centering on dispute over equitable ownership of patent and legal responsibility to pay maintenance fees); *Douglas v. Manbeck*, No. 91-3122, 1991 WL 237823, at *1 (E.D. Pa Nov. 8, 1991) (case involving patent applicant whose patent application was deemed abandoned after prosecuting attorney died and no action was taken on the application for two and a half years following the attorneys' death); *Brenner v. Ebbert*, 398 F.2d 762, 763 (D.C. Cir. 1968) (reversing summary judgment in action brought by patent applicant against USPTO to revive abandoned patent).

the '339 Patent nor the patent application that resulted in the '339 Patent was ever withdrawn or abandoned.

First, it is clear from the file history that the USPTO properly issued the '339 Patent, that the patent is still in force and that it has never been withdrawn by the USPTO. The file history establishes that the '501 Application was filed on December 7, 1989 and that following prosecution of that application, the '339 Patent issued on April 30, 1991. There are no documents in the file history (or otherwise) that indicate that the USPTO ever actually withdrew either the '501 Application or the '339 Patent. On the contrary, the USPTO's records reflect that the '339 Patent was indeed properly issued and that the patent is presently still in force, as evidenced by the fact that a copy of the '339 Patent is at present publicly-available and can be downloaded from the USPTO's website. What's more, on its face, the '339 Patent itself identifies April 30, 1991 as the "Date of Issue" and lists AHG as the assignee.

Second, the USPTO Maintenance Report for the '339 Patent, which was produced by Broetje in this case, also makes clear that: (a) the '339 Patent was in fact issued by the USPTO on April 30, 1991, and (b) since that issue date AHG has regularly paid the maintenance fees for the '339 Patent in accordance with the fee schedule set by the USPTO for issued patents. (*See* USPTO Maintenance Report for the '339 Patent, Broetje bates number BA000225, Ex. D). That the USPTO has required, solicited and collected maintenance fee payments for the '339 Patent from AHG (and AHG has regularly made those maintainance fee payments) is incontrovertible proof that according to the USPTO the '339 Patent is an issued patent. *See* 35 U.S.C. § 41(b) (indicating that maintenance fees shall be charged by the USPTO for "maintaining *in force* all patents") (emphasis); United States Patent & Trademark Office, U.S. Dep't of Commerce, *Manual of Patent Examining Procedure (MPEP)* § 2501 (8th ed., 5th rev. 2006) (same) (Ex. P).

13

In addition, the MicroPatent Patent Index, which is another document produced by Broetje, provides that the "Issue/Publication Date" for the '339 Patent is "19910430" and that the "Assignee" for the '339 Patent is AHG. (BA000222-23, Ex. E)

Third, there is no affirmative evidence at all in the file history or otherwise that the '339 Patent or the '501 Application was ever abandoned. Broetje merely assumes that because the USPTO issued a notice about a check for the original payment not clearing that the '339 Patent must have been abandoned. This assumption is wrong and is contradicted by the file history, the patent itself and the USPTO's records and documents produced by Broetje, which all clearly indicate that the '339 Patent in fact issued on April 30, 1991 and is still in force, and that AHG has regularly paid the maintenance fees for the '339 Patent.

Fourth, and perhaps most importantly, Broetje's allegation (and the underlying factual basis for its motion to dismiss) – that AHG did not pay the issue fee for the '339 Patent – is wrong. AHG did in fact pay the issue fee for the '339 Patent, as evidenced by the letter from AHG's prosecution counsel confirming that the payment of the issue fee was immediately rectified. (*See, e.g.,* May 15, 1991 Letter, Ex. C)

   3.   <u>Broetje's attempt to add failure to follow the requirements of the Patent Act as a new invalidity defense is untimely and should be stricken on that ground alone.</u>

As discussed further below, because Broetje did not attempt to add this so-called failure to follow the requirements of the Patent Act as a purported invalidity defense in this case until more than a year after the deadline for contention interrogatory responses, four months after its technical expert submitted a report, five weeks after its technical expert was deposed, four weeks after the close of fact discovery and less than sixty days before start of trial, it is untimely and should be stricken on that ground alone. In addition to being untimely, this 11th hour attempt by

14

Broetje to concoct a new invalidity defense is unfair and highly prejudicial to AHG and should be rejected by this Court.

**B.     The Court Should Grant AHG's Motion To Strike Broetje's Late Asserted Purported Invalidity Defenses, Late Disclosed Prior Art References And Prior Art Combinations Because They Are Untimely And Unsupported By Expert Testimony.**

AHG's cross-motion to strike should be granted because each of Broetje's late asserted purported invalidity defenses – (1) indefiniteness, (2) best mode,[7] and (3) failure to follow the requirements of the Patent Act – is untimely. *See, e.g., Bridgestone Sports Co. Ltd. v. Acushnet Co.*, No. 05-132-JJF, 2007 U.S. Dist. LEXIS 11370, at *15-16 (D. Del. Feb. 15, 2007) (granting motion to preclude defendant from relying on untimely disclosed references as bases for invalidity defense). Broetje should not be permitted to unilaterally expand any of the invalidity defenses it is asserting, especially at this late juncture in the case. Not only is Broetje's attempt to do just that improper and untimely, it is unfair and highly prejudicial to AHG. Now, with mere weeks left before the start of trial, AHG is forced to try to refute and defend against Broetje's late asserted invalidity theories (and related motion practice), rather than focusing as it should on trial preparation. Broetje should not (and cannot) be allowed to conjure new theories that serve only to distract AHG from its trial preparation and force AHG (and the Court) to engage in unnecessary and expensive motion practice.

In addition, with discovery now closed, AHG does not have a fair opportunity to research or properly investigate any of Broetje's late-asserted purported defenses or to test them through any written discovery or depositions. *Bridgestone Sports*, 2007 U.S. Dist. LEXIS 11370 at *14-15 (recognizing that plaintiff "would be required to conduct additional fact and expert discovery in order to formulate a proper response"). The deadline for the parties to respond to contention

---

[7] *See* AHG's Opening Brief in Support of Its Motion for Partial Summary Judgment as to Broetje's Invalidity Defenses (D.I. 178) and AHG's Answering Brief in Opposition to Broetje's Motion for Summary Judgment No. 6: Invalidity Under § 112: Best Mode (D.I. **).

interrogatories in this case was July 2, 2010. The close of fact discovery was July 8, 2011. The start of trial is September 26, 2011. Yet, Broetje did not attempt to add any of its purported new invalidity defenses in response to AHG's contention interrogatories until August 8, 2011. Broetje's attempt to expand its invalidity defenses is untimely and each of the *three* so-called defenses it is now trying to assert should be dismissed and stricken on that ground alone.

Likewise, each of the *five* new prior art references that Broetje has identified for the first time in its August 8, 2011 supplemental contention interrogatory responses are also untimely and should be stricken by the Court. In addition, the *two* Engeln Combinations should be stricken (and Broetje precluded from referencing them) because they were not detailed adequately in contention interrogatories or mentioned in any of Broetje's expert's reports. *Proveris Scientific Corp. v. Innovasystems, Inc.*, 536 F.3d 1256, 1267 (Fed. Cir. 2008) (holding that expert testimony was required to establish invalidity on grounds of anticipation and obviousness combinations where the subject matter is sufficiently complex). Each of these late disclosed references and combinations was available to Broetje well-before the close of fact discovery and the deadline set by the Court for responding to contention interrogatories. Moreover, any prejudice that would be suffered by Broetje were the Court to strike these untimely references and combinations would be justified and the result of Broetje's own lack of diligence. On the contrary, were the Court to permit Broetje to use these late disclosed references and combinations, AHG would be disadvantaged by, among other things, not now having enough time or a fair opportunity to adequately respond; and thus left scrambling on the eve of trial trying to guess what new invalidity theories and prior art combinations Broetje's witnesses will unveil at trial.

16

Accordingly, Broetje's late asserted purported invalidity defenses (i.e., indefiniteness, best mode and failure to follow the requirements of the Patent Act, its late disclosed prior art references (i.e., the Ehrlich, Kulman, Mauer, Berecz and Griffin Patents) and the unsupported Engeln Combinations should all be stricken from this case.

## CONCLUSION

For the foregoing reasons, Broetje's motion to dismiss should be denied and AHG's cross motion to strike Broetje's late asserted purported invalidity defenses, late disclosed prior art references and prior art combinations unsupported by expert testimony should be granted.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Monté T. Squire
Melanie K. Sharp (No. 2501)
Monté T. Squire (No. 4764)
Erika R. Caesar (No. 5143)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681
msharp@ycst.com

KAYE SCHOLER LLP
Scott G. Lindvall
Sarah Welbourne Saunders
425 Park Avenue
New York, NY 10022-3598
(212) 836-8000

*Attorneys for Ateliers de la Haute-Garonne and F2C2 Systems S.A.S.*

Dated: September 1, 2011