IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ATELIERS DE LA HAUTE-GARONNE (French Corporation) and F2C2 SYSTEMS S.A.S. (French Corporation), | : : : : |
| Plaintiffs, | : : |
| v. | : Civil Action No. 09-598-LPS : |
| BROETJE AUTOMATION-USA INC. (Delaware Corporation), BROETJE-AUTOMATION GMBH (German Corporation), | : : : : : |
| Defendants. | : |

Scott G. Lindvall, Esquire and Sarah Welbourne Saunders, Esquire of KAYE SCHOLER LLP, New York, New York.
Melanie K. Sharp, Esquire; Mary F. Dugan, Esquire and James L. Higgins, Esquire of YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, Delaware.

Attorneys for Plaintiffs.

Patrick J. Kelleher, Esquire and Darren S. Cahr, Esquire of DRINKER BIDDLE & REATH LLP, Chicago, Illinois.
Todd C. Schiltz, Esquire and David P. Primack, Esquire of DRINKER BIDDLE & REATH LLP, Wilmington, Delaware

Attorneys for Defendants.

## MEMORANDUM OPINION

September 16, 2011
Wilmington, Delaware.

*[signature]*

**STARK, U.S. District Judge:**

Pending before the Court are numerous motions filed by the parties on August 22, 2011. The present Memorandum Opinion addresses only the following motions:

- Plaintiffs' Motion for Summary Judgment of Infringement of Claims 1 and 2 of U.S. Patent No. 5,143,216 (D.I. 175)

- Defendants' Motion for Summary Judgment of Noninfringement and No Willfulness (D.I. 159)

- Defendants' Motion for Partial Summary Judgment on the Statute of Limitations (D.I. 161)

- Defendants' Motion for Partial Summary Judgment as to Claims for Relief Nos. 3, 4, 5, and 6 (D.I. 152)

- Plaintiffs' *Daubert* Motion to Preclude Defendants From Offering Opinion Testimony of Dr. James Langenfeld (D.I. 180)

- Defendants' *Daubert* Motion to Exclude the Opinions of Thomas W. Britven and Douglas N. Ellis (D.I. 169)

For the reasons discussed below, each of these motions will be denied.

I. **LEGAL STANDARDS**

A. **Summary Judgment**

A party is entitled to summary judgment if a court determines that there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. In doing so, the Court must review all of the evidence and draw all reasonable inferences in the light most favorable to the non-moving party, and should not make credibility determinations or weigh the evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

1

B. *Daubert* **and Federal Rule of Evidence 702**

Federal Rule of Evidence 702 governs testimony by experts, and requires that expert testimony be (1) based upon sufficient facts or data, (2) the product of reliable principles and methods, and (3) the reliable application of those principles and methods to the facts of the case. "Where there is a logical basis for an expert's opinion testimony, the credibility and weight of that testimony is to be determined by the jury, not the trial judge." *Breidor v. Sears, Roebuck & Co.*, 722 F.2d 1134, 1138-39 (3d Cir. 1983). The weight and credibility of an expert's testimony may be challenged through "[v]igorous cross examination, presentation of contrary evidence, and careful instruction on the burden of proof." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993).

## II. DISCUSSION

### A. Infringement and Willfulness

The parties have filed cross-motions seeking summary judgment on the issue of infringement with respect to the '216 patent. (D.I. 159, 175) Defendants also request summary judgment of no willfulness. (D.I. 159) For the reasons explained below, the Court concludes there are genuine issues of material fact that preclude summary judgment.

#### 1. Literal Infringement

With respect to literal infringement, the parties' cross-motions present arguments and evidence that raise a genuine issue of material fact as to whether the cross sectional area of the rivet heads "substantially equals" the cross sectional area of the tube in the accused devices. The Court previously construed the disputed claim limitation to require that:

> the shape of the head of the rivet is compatible with the shape of
> the hollow center of the tube such that the cross sectional area of
> the head of the rivet is of sufficient size as compared to the cross
> sectional area of the hollow core of the tube such that there is

2

> sufficient space between the rivet and the surface of the hollow core to permit the rivet to move without difficulty from upstream to downstream as a result of the compressed fluid.

(D.I. 79 at 30) The term "substantially equal," as used in the patent-in-suit, is a mathematically imprecise word of approximation that is "commonly used in patent claims to avoid applying a strict numerical boundary to the specified parameter." *Anchor Wall Systems, Inc. v. Rockwood Retaining Walls, Inc.*, 340 F.3d 1298, 1310-11 (Fed. Cir. 2003) (internal quotation marks omitted). The Court construed this disputed claim limitation using similar language of approximation, such as "sufficient size" and "sufficient space." The Court concludes that the evidence with respect to this limitation is such that there is a material factual dispute that could be resolved in favor of either party.[1] Accordingly, the parties' respective cross-motions for summary judgment on the issue of literal infringement with respect to the '216 patent will be denied.

### 2. Doctrine of Equivalents (Claim 6 of the '216 patent)

Plaintiffs have alleged infringement of claim 6 of the '216 patent under the doctrine of equivalents. Claim 6 requires that one stop member "comprises a ferrule connecting to a source of compressed fluid," with the other stop member "comprising a ferrule provided with a removable pin." In their briefs, the parties appear to dispute the exact nature and characterization of Plaintiffs' equivalence theory and whether it would impermissibly "vitiate" claim language, and also whether the accused devices satisfy the "function-way-result" and/or the "insubstantial differences" tests for infringement under the doctrine of equivalents. Having reviewed the parties' respective arguments, and viewing the evidence and drawing all reasonable

---

[1] Having reached this conclusion, it is not necessary for the Court to determine if there are other material factual disputes that would also preclude summary judgment.

inferences in the light most favorable to the Plaintiffs (as the non-moving party), the Court finds that genuine factual disputes preclude summary judgment on the doctrine of equivalents.

### 3. Willful Infringement

Willfulness is "not an all-or-nothing trait, but one of degree," and must be assessed based on the totality of the circumstances. *Acumed LLC v. Stryker Corp.*, 483 F.3d 800, 811 (Fed. Cir. 2007). Here, Plaintiffs have raised genuine factual disputes concerning the various factors and circumstances relevant to the willfulness inquiry, including but not limited to whether and to what extent Defendants deliberately copied the patented invention, and whether and to what extent Defendants investigated the scope of the patent and formed a good-faith belief that it was invalid or not infringed. There is, for example, a genuine material dispute as to the reasonableness of reliance on an opinion of non-U.S. counsel who did not render a detailed opinion with respect to U.S. patents, and reliance on findings of foreign tribunals which were not applying U.S. law. A reasonable factfinder could resolve these questions in favor of either party. Thus, Defendants' motion for summary judgment of no willfulness will be denied.

### B. Statute of Limitations (Plaintiffs' Claims for Relief Nos. 3-6)

"When the applicability of the statute of limitations is in dispute, there are usually factual questions as to when a plaintiff discovered or should have discovered the elements of its cause of action." *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 425 (3d Cir. 1999). Such is the case here with respect to Plaintiffs' non-patent causes of action, i.e., trade dress infringement, unfair competition (under the Lanham Act and state law), and intentional interference with prospective economic advantage. Plaintiffs have raised genuine issues of material fact concerning their notice and due diligence involving these non-patent causes of action. Summary judgment is, therefore, inappropriate.

### C. Trade Dress, Unfair Competition, and Intentional Interference with Prospective Economic Advantage (Plaintiffs' Claims for Relief Nos. 3-6)

In addition to the statute of limitations, Defendants request summary judgment on the merits of Plaintiffs' non-patent causes of action. Viewing the evidence and drawing all reasonable inferences in favor of Plaintiffs, the Court finds genuine disputes of material fact with respect to each of relevant factors relating to Plaintiffs' trade dress claim, including functionality, secondary meaning, and likelihood of confusion. On each of these factors, Plaintiffs have presented sufficient evidence to raise genuine factual disputes regarding whether and to what extent Plaintiffs' asserted trade dress is eligible for protection, and whether and to what extent there is a likelihood of confusion as a result of Defendants' conduct. The Court, thus, will deny summary judgment as to Plaintiffs' trade dress claim. Because Defendants concede that Plaintiffs' "remaining claims of unfair competition and intentional interference with prospective economic advantage depend on AHG being able to prevail on its trade dress claim" (D.I. 231 at 10), the Court will also deny summary judgment as to those claims.

### D. *Daubert* Motions to Exclude Damages Expert Testimony

The Court has reviewed the *Daubert* motions, which seek to exclude the parties' respective damages experts from testifying at trial. (D.I. 169, 180) While recognizing the parties' arguments and concerns, the Court concludes there is a sufficient basis for the damages experts' opinions, such that any shortcomings or deficiencies are issues of weight and credibility – to be determined by the factfinder – rather than issues of admissibility. At trial, the parties can challenge the damages experts' opinions through cross examination and the presentation of contrary evidence to assist the factfinder in determining the proper amount of damages, if any, that should be awarded in this case. *See Daubert*, 509 U.S. at 596.

## III. CONCLUSION

For the foregoing reasons, the Court will deny each of the motions addressed in this Memorandum Opinion. An appropriate Order follows.