DrinkerBiddle&Reath
L L P

Todd C. Schiltz
302.467.4225
*todd.schiltz@dbr.com*

*Law Offices*

1100 N. Market St.
Suite 1000
Wilmington, Delaware
19801-1254

(302) 467-4200
(302) 467-4201 *fax*
www.drinkerbiddle.com

CALIFORNIA

DELAWARE

ILLINOIS

NEW JERSEY

NEW YORK

PENNSYLVANIA

WASHINGTON D.C.

WISCONSIN

September 22, 2011

**VIA CM-ECF**

The Honorable Leonard P. Stark
United States District Court
  for the District of Delaware
J. Caleb Boggs Federal Building, Unit 26, Room 6124
Wilmington, DE  19801-3556

        Re:    ***Ateliers de la Haute-Garonne v. Broetje Automation-USA***
               **Civil Action No. 09-598-LPS (D.Del.)**

Dear Judge Stark:

Pursuant to the Court's order during the final pre-trial conference on September 19 (Tr. 121:5-8), I write to inform the Court that the parties have been unable to resolve the dispute relating to AHG's request that the Court sequester the Broetje Parties' testifying corporate representatives during trial.

The Broetje Parties have designated Brötje Automation GmbH's chief operating officer Dr. Axel Peters and Broetje Automation USA's president Mr. Ken Benczkowski as the defendants' corporate representatives for the trial.

As discussed during the final pre-trial conference, AHG seeks to sequester both Dr. Peters and Mr. Benczkowski during trial.  AHG's request is contrary to Federal Rule of Evidence 615 and should be denied.  Rule 615 states that it "does not authorize exclusion of . . . (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney."  Fed. R. Evid 615(2) (emphasis added).  Thus, under this rule, a party's designated corporate representative may not be excluded from trial.  *See Forest Labs., Inc. v. Ivax Pharms., Inc.*, 2006 WL 6293849 at *4 (D. Del. Feb. 21, 2006) (Farnan, J.) (holding that Rule 615(2) precluded exclusion of two corporate representatives who were also fact witnesses); *see also Oliver B. Cannon & Son, Inc. v. Fidelity and Casualty Co. of N.Y.*, 519 F. Supp. 668, 679 (D. Del. 1981) (excluding from sequestration order a corporate representative of counsel's choosing).

Here, we have selected corporate representatives who are knowledgeable about the case and will be able to assist counsel in the companies' defense.  "Corporations are allowed to choose any officer or employee as their designated representative." *Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 784-85 (6th Cir. 2003) (emphasis added) (citing Charles Alan Wright & Victor James Gold, 29 *Federal Practice and Procedure* § 6245, at 76 (1997) (justifying under public policy and constitutional

*Established* 1849

DrinkerBiddle&Reath
L L P

Hon. Leonard P. Stark
September 22, 2011
Page 2

grounds allowing a party to "appoint as its representative the officer or employee most knowledgeable about the case" under Rule 615(2))); *see also Queen v. Washington Metro. Area Transit Auth.*, 842 F.2d 476, 482 (D.C. Cir. 1988) (holding that bus driver accused of negligence who was designated as defendant's corporate representative was not sequestrable). Rule 615(2) "clearly denies the trial judge the authority to exclude [the designated corporate representative]." *Berry Petro. Co. v. Comm'r of Internal Revenue*, 104 T.C. 584, 609 (T.C. 1995). Even if other suitable persons were available to act as corporate representatives, it would be improper to force the Broetje Parties to choose other representatives. That would defeat the purpose of Rule 615(2)'s clear exclusion of corporate representatives from sequestration orders.

Accordingly, the Broetje Parties respectfully request that the Court deny AHG's request and that Dr. Peters and Mr. Benczkowski, the designated corporate representatives for Brötje Automation GmbH and Broetje Automation USA, be excluded from the sequestration order.

Respectfully submitted,

Todd C. Schiltz (No. 3253)

cc:    Melanie K. Sharp, Esquire (via CM-ECF)

WM01/ 7878060.1