IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ATELIERS DE LA HAUTE-GARONNE (French Corporation) and F2C2 SYSTEMS S.A.S. (French Corporation), | : : : : : |
| Plaintiffs, | : : |
| v. | : Civil Action No. 09-598-LPS : |
| BROETJE AUTOMATION-USA INC. (Delaware Corporation) and BRÖTJE-AUTOMATION GMBH (German Corporation), | : : : : : |
| Defendants. | : |

Scott G. Lindvall, Esquire and Sarah Welbourne Saunders, Esquire of KAYE SCHOLER LLP, New York, New York.
Melanie K. Sharp, Esquire; Monté T. Squire, Esquire; and Erika R. Caesar, Esquire of YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, Delaware.

Attorneys for Plaintiffs.

Patrick J. Kelleher, Esquire; Darren S. Cahr, Esquire; and Carrie A. Beyer, Esquire of DRINKER BIDDLE & REATH LLP, Chicago, Illinois.
Todd C. Schiltz, Esquire and Karen V. Sullivan, Esquire of DRINKER BIDDLE & REATH LLP, Wilmington, Delaware.

Attorneys for Defendants.

**MEMORANDUM OPINION**

October 13, 2011
Wilmington, Delaware.

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Currently pending before the Court is Defendants' Rule 12(b)(1) Motion to Dismiss Plaintiffs' First Claim for Relief for Lack of Subject Matter Jurisdiction. (D.I. 141) The Court previously found that United States Patent Nos. 5,011,339 ("the '339 patent") and 5,143,216 ("the '216 patent") violated the best mode requirement of 35 U.S.C. § 112 ¶ 1. (D.I. 335) Defendants Broetje Automation-USA Inc. and Brötje-Automation GmbH ("Broetje") maintain, however, that the Court lacks subject matter jurisdiction over the '339 patent and, therefore, cannot enter judgment of invalidity with respect to that patent. For the reasons set forth below, Defendants' motion to dismiss will be denied.

## II. LEGAL STANDARDS

A plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *See Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 402 (3d Cir. 2004). A party challenging subject matter jurisdiction may raise either a facial attack directed to deficiencies apparent from the face of the complaint, or a factual attack challenging the existence of facts necessary to establish federal subject matter jurisdiction. *See U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007). When reviewing a factual challenge, no presumption of truthfulness attaches to the plaintiff's allegations, and the district court may make factual findings to decide the jurisdictional issue. *See CNA v. U.S.*, 535 F.3d 132, 139 (3d Cir. 2008). In doing so, the Court may consider materials outside the pleadings, including matters of public record. *See Atkinson*, 473 F.3d at 514; *Ketterson v. Wolf*, 2001 WL 940909, at *4 (D. Del. Aug. 4, 2001); *Jones v. Delaware*, 2001 WL 652593, at *1 (D. Del. Feb. 15, 2001).

1

## III. DISCUSSION

It is undisputed that, during prosecution, the Applicants' original check to cover the issue fee "bounced," prompting the Patent Office to notify the Applicants of the payment deficiency, and to seek withdrawal of the '339 patent from issuance. (D.I. 141 at 4-5 & Ex. 3-6) The parties' main dispute is whether, in light of these events, the '339 patent must be regarded as abandoned under 35 U.S.C. § 151 for failure to timely pay the required issue fee. Broetje maintains that the '339 patent was abandoned and, therefore, is legally non-existent, because "[t]here is no evidence that the Applicants ever responded to the USPTO's letters about the bounced issue fee check." (D.I. 141 at 5) Plaintiffs respond that the questions surrounding the issue fee payment were properly resolved, citing a letter from the Applicants' prosecuting attorney noting that the issue fee payment "was immediately rectified" upon receiving notice from the Patent Office. (D.I. 204 at 3 & Ex. C) Plaintiffs also note that the Patent Office never officially withdrew the '339 patent from issuance; to the contrary, the Patent Office accepted payment of all required maintenance fees. (D.I. 204 at 13-14)

Having considered the parties' respective arguments and evidence raised in their briefing and during oral argument at the pre-trial conference, as well as statements included in the most recent teleconference (D.I. 339) and joint letter submission (D.I. 337), the Court concludes that Plaintiffs have established, by a preponderance of the evidence, that the issue fee was paid, and, hence, that the '339 patent was not abandoned. It is undisputed that the Patent Office was aware of the bounced check, and, on that basis, initially sought to have the '339 patent withdrawn from issuance. There is no evidence, however, that the Patent Office ever withdrew the '339 patent from issuance. Instead, it is undisputed that the Patent Office accepted payment of all required maintenance fees, holding the '339 patent in force for the entire duration of its term. This course

2

of dealing is circumstantial evidence that any questions surrounding the issue fee payment were satisfactorily resolved, at least as far as the Patent Office was concerned. Additionally, and consistent with this conclusion, the '339 patent on its face states that it was issued on April 30, 1991 and it remained publicly available – and identified as an issued patent – from the Patent Office throughout the entire duration of its term. There is no evidence that the '339 patent was ever listed by the Patent Office as withdrawn.[1]

Plaintiffs' payment of the issue fee is corroborated by the letter from Applicants' prosecuting patent attorney, acknowledging the bounced check but emphasizing that "the matter was immediately rectified" upon receiving notice from the Patent Office. (D.I. 205 Ex. C) Although Broetje challenges the attorney letter as unauthenticated hearsay (D.I. 254 at 2-3), the letter appears to be both authentic and admissible. *See* Fed. R. Evid. 803(16) & 901(b)(8); *see also U.S. v. Stelmokas*, 100 F.3d 302, 312 (3d Cir. 1996).[2]

The Court is unpersuaded by Broetje's arguments for dismissal, which consist primarily of complaints regarding the lack of official Patent Office documentation of actual payment of the

---

[1] As Plaintiffs noted during the pre-trial conference, withdrawn patents are not publicly accessible on the Patent Office website, in contrast with the '339 patent, which remains fully accessible. (D.I. 335 at 65) Moreover, the '339 patent does not appear in the Patent Office's comprehensive listing of all withdrawn patents. (*See* Withdrawn Patent Numbers, 1790 through 04 October 2011, *available at* http://www.uspto.gov/patents/process/search/withdrawn.jsp)

[2] *See also Lexington Ins. Co. v. Western Pa. Hosp.*, 423 F.3d 318, 328 (3d Cir. 2005) (noting that standard for authentication under Federal Rule of Evidence 901(a) is "minimal" and "slight"). Moreover, even if the attorney letter were hearsay, the Federal Circuit has held that "hearsay bearing circumstantial indicia of reliability may be admitted for purposes" of resolving jurisdictional disputes. *Akro Corp. v. Luker*, 45 F.3d 1541, 1546-47 (Fed. Cir. 1995). Broetje has not accused Plaintiffs' attorneys of falsifying the letter or its contents, and no reason to doubt its authenticity emerges in the record. In any event, even were the attorney letter not to be considered, the Court concludes that Plaintiffs have met their burden to establish subject matter jurisdiction.

issue fee. Although such written correspondence would likely constitute clear and convincing direct evidence that such payment occurred, here only a preponderance of the evidence is required to establish subject matter jurisdiction, and Plaintiffs may rely on circumstantial evidence to meet that burden. *See generally Spansion, Inc. v. ITC*, 629 F.3d 1331, 1352 (Fed. Cir. 2010) ("[P]reponderance of the evidence does not require physical validation of all indirect evidence . . . ."); *Alco Standard Corp. v. Tenn. Valley Auth.*, 808 F.2d 1490, 1503 (Fed. Cir. 1986) ("Although the evidence . . . is circumstantial, that does not make it any less credible or persuasive.").

Similarly, the Court is unpersuaded by Broetje's suggestion that payment of the issue fee could not have occurred, as a matter of law, simply because any undocumented payments would violate the Patent Office regulation set forth at 37 C.F.R. § 1.2, requiring that all business be transacted in writing. (D.I. 254 at 3) Even assuming, *arguendo,* that this regulation applies to the present situation, non-compliance would not defeat subject matter jurisdiction, since "absolute compliance with the internal rules of patent examination becomes irrelevant after the patent has issued." *Magnivision, Inc. v. Bonneau Co.*, 115 F.3d 956, 960 (Fed. Cir. 1997). Broetje's attempt to dismiss a patent infringement lawsuit on the basis of non-compliance with an internal Patent Office regulation is contrary to the Federal Circuit's view that a mere "prosecution irregularity or procedural lapse" by the Patent Office is no defense to allegations of patent infringement. *See Aristocrat Techs. Australia PTY Ltd. v. Int'l Game Technology*, 543 F.3d 657, 663 (Fed. Cir. 2008) (expressing concern that contrary ruling would cause "accused infringers . . . [to] inundate the courts with arguments relating to every minor transgression they could comb from the file wrapper," and such "deluge would only detract focus from the

important legal issues to be resolved").[3]

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Broetje's motion to dismiss for lack of subject matter jurisdiction over the '339 patent. An appropriate order entering judgment of invalidity as to both patents-in-suit follows.

---

[3] The Court recognizes that the Federal Circuit's statement in *Aristocrat* arose in the invalidity context.