IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ATELIERS DE LA HAUTE-GARONNE          :
(French Corporation) and F2C2 SYSTEMS :
S.A.S. (French Corporation),          :
                                      :
            Plaintiff,                :
                                      :
      v.                              :     C.A. No. 09-CV-598-LPS
                                      :
BROETJE AUTOMATION-USA INC.           :
(Delaware Corporation) and BRÖTJE-    :
AUTOMATION GMBH (German               :
Corporation),                         :
                                      :
            Defendant.                :


## MEMORANDUM ORDER

Presently before the Court is Plaintiffs Ateliers de la Haute-Garonne ("AHG") and F2C2

Systems' ("F2C2") (i) Motion for Partial Summary Judgment as to Defendants Broetje

Automation-USA Inc. and Brötje-Automation GMBH's (collectively, "Broetje") Invalidity

Defenses (D.I. 176) and (ii) Plaintiffs' Cross-Motion to Strike Defendants' Late Asserted

Defenses, Late Disclosed Prior Art References and Prior Art Combination Unsupported by

Expert Testimony (D.I. 203). The Court has already addressed Plaintiffs' requests for judgment

of no anticipation, non-obviousness, and no invalidity due to failure to disclose best mode. (*See*

D.I. 367 ¶ 3) The Court reserved judgment on Plaintiffs' motion for judgment of no invalidity

due to indefiniteness. (*Id.*) Similarly, the Court has already denied Plaintiffs' cross-motion to

strike except for Plaintiffs' request to strike the indefiniteness defense for being untimely. (*Id.* at

¶ 5) For the reasons set forth below, the Court will now deny the remaining portion of Plaintiffs'

motions to strike (D.I. 176) as well as Plaintiffs' request for judgment of no invalidity due to

indefiniteness (D.I. 203).

1.     On May 12, 2009, Plaintiffs filed this lawsuit in the Central District of California

alleging, among other things, that Defendants infringed U.S. Patent Nos. 5,011,339 ("the '339

Patent") and 5,143,216 ("the '216 Patent").  (D.I. 1)  The action was transferred to this Court on

August 13, 2009.  On August 22, 2011, Plaintiffs filed a motion for partial summary judgment on

issues related to the validity of the patents-in-suit.  (D.I. 176)  On September 1, 2011, Plaintiffs

filed a cross-motion to strike Defendants' defenses related to the validity of the patents-in-suit.

(D.I. 203)

2.     On September 26, 2011, this Court invalidated the asserted claims of the patents-

in-suit for failure to disclose the best mode.  (D.I. 335)  On appeal, the United States Court of

Appeals for the Federal Circuit reversed that ruling and remanded the case to this Court for

further proceedings.  (D.I. 350)

3.     Plaintiffs renewed both the motion to strike as well as the motion for partial

summary judgment.  (D.I. 362)

4.     In their motion to strike, Plaintiffs contend that Defendants' invalidity defenses

are untimely because Defendants did not assert or disclose any of the invalidity defenses until

one month after discovery purportedly closed.  As the Court ruled with respect to Defendants'

other allegedly untimely invalidity defenses, Defendants' indefiniteness defense was not

untimely when filed.  Defendants obtained the basis for asserting their indefiniteness defense

after deposing the named inventors of the patents-in-suit.  (D.I. 299 at 4)  Defendants presented

their invalidity defenses days after those depositions.  (*Id.* at 4-5)  Moreover, since Plaintiffs have

now had notice of the defenses for years, and because trial is still more than two months away,

2

any undue prejudice that Plaintiffs may face can be remedied before trial. As such, the Court will deny Plaintiffs' motion to strike.

5.      In their motion for partial summary judgment, Plaintiffs contend that Defendants are foreclosed from proving indefiniteness at trial because "[a]s a matter of law, 'a claim that is amenable to construction is not invalid on the ground of indefiniteness.'" (D.I. 178 at 16) (citing *Microprocessor Enhancement Corp. v. Tex. Instruments, Inv.*, 520 F.3d 1367, 1376 (Fed. Cir. 2008)) Defendants counter that "[e]ven if a claim term's definition can be reduced to words, the claim is still indefinite if a person of ordinary skill in the art cannot translate the definition into meaningfully precise claim scope." (D.I. 207 at 15) (citing *Halliburton Energy Services Inv. v. MI LLC*, 514 F.3d 1244, 1251 (Fed. Cir. 2008))

6.      A claim is definite if "one skilled in the art would understand the bounds of the claim when read in light of the specification." *Exxon Research & Eng'g Co. v. United States*, 265 F.3d 1371, 1375 (Fed. Cir. 2001). "A claim will be found indefinite only if it is insolubly ambiguous . . . ." *Praxair, Inc. v. ATMI, Inc.*, 543 F.3d 1306, 1319 (Fed. Cir. 2008).

7.      Plaintiffs ask the Court to decide on summary judgment that the claim term "peripherally guiding" is not indefinite as a matter of law. To do so, the Court would have to find that, viewing the evidence in the light most favorable to the non-moving party and making all reasonable inferences in that party's favor, there is no genuine issue as to any material fact. *See Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus., Inc.*, 145 F.3d 1303, 1307 (Fed. Cir. 1998). "Because a patent is presumed to be valid, the evidentiary burden to show facts supporting a conclusion of invalidity is one of clear and convincing evidence." *Young v. Lumenis, Inc.*, 492 F.3d 1336, 1345 (Fed. Cir. 2007). At the summary judgment stage, "the

3

determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Consequently, where the . . . 'clear and convincing' evidence requirement applies, the trial judge's summary judgment inquiry as to whether a genuine issue exists will be whether the evidence presented is such that a jury applying that evidentiary standard could reasonably find for either the plaintiff or the defendant." *Id.*

8.     Determining whether one of ordinary skill in the art can understand what is claimed by an allegedly indefinite claim term is the central inquiry in making an indefiniteness determination. *See Halliburton*, 514 F.3d at 1251. It is, therefore, appropriate for the Court to consider extrinsic evidence relating to whether one of ordinary skill in the art would be capable of understanding the claim containing the allegedly indefinite term. *See, e.g., Dow Chem. Co. v. Nova Chem. Corp.*, 629 F. Supp. 2d 397, 407 (D. Del. 2009) (relying on testimony of named inventor of patents-in-suit to find that summary judgment of no indefiniteness was inappropriate because genuine dispute of material fact existed).

9.     Defendants present deposition testimony of Mr. Jean-Marc Auriol, one of the named inventors of the patents-in-suit, wherein he testified that he did not understand what the term "peripherally guiding" meant. (D.I. 209 Ex. 51) It does not appear that Mr. Auriol took the Court's construction into account when he made that determination. (*Id.*) It is also unclear whether Mr. Auriol – a native French speaker, who was assisted by a translator – fully understood the question he was being asked. (*Id.*) (answering several unrelated questions with "I don't understand") However, at the summary judgment stage, these ambiguities must be resolved in favor of the non-movant. Therefore, the Court must assume that Mr. Auriol, one of

at least ordinary skill in the art, understood the question and, given the Court's claim construction, testified that he was not able to articulate any meaningful understanding of the "peripherally guiding" term. The Court concludes that, when viewed in the light most favorable to Defendants, this testimony (and the record as a whole) could permit a reasonable juror to find, by clear and convincing evidence, that the "peripherally guiding" term cannot be translated by one of ordinary skill in the art into meaningfully precise claim scope. Accordingly, the Court will deny Plaintiffs' motion for summary judgment and the issue of indefiniteness will be presented to the jury at trial.

February 4, 2014
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE